# TRAILL COUNTY, NORTH DAKOTA, Respondent, v. STATE OF NORTH DAKOTA, Appellant.

(172 N. W. 782.)

**Judgment — necessity of pleadings to sustain a judgment.**

There must be some pleadings to sustain a judgment.

Opinion filed April 29, 1919.

Appeal from the District Court of Traill County, Honorable *A. T. Cole,* Judge.

Reversed and remanded.

*William Langer,* Attorney General, and *George K. Foster,* Assistant Attorney General, for appellant.

"A judgment not supported by the pleadings is fatally defective as one not sustained by the verdict or findings. 1 Black, Judgm. 2d ed. § 183; 31 Cyc. 45 D; Hilliard v. Loeb, 31 S. D. 333, 140 N. W. 703.

The plaintiff has failed to prove facts necessary to prove its case. Comp. Laws 1913, § 2576; 30 Cyc. 1108, 1157, note 39; 117 Mass. 447.

The party asserting residence must prove it. 16 Cyc. 931, 932; 1 Am. Rul. Cas. 237. See also 117 Mass. 447; 4 Enc. Ev. p. 848, note 4, citing cases.

*I. A. Acker,* State's Attorney, for respondent.

ROBINSON, J. In this case it appears that under Compiled Laws, § 2576, an application was made to the state auditor to determine the legal residence of James Smith, a person committed to the insane asylum. The decision of the auditor was that at the time of his commitment James Smith was a legal resident of Traill county. From that decision Traill county appeals to the district court. Comp. Laws,

§ 2577. The court held that Smith was not a resident of Traill county and that Traill county had paid for his maintenance at the asylum and in the home of the feeble-minded, $1,472. The court gave judgment that Traill county do have and recover from the state the sum of $1,472, with costs. The judgment was given without any pleadings and without any jurisdiction, and of course it must be reversed.

The appeal was from a finding or decision of the state auditor in regard to the residence of the insane person when committed to the asylum, and of course the appeal presented no other question to the district court.

From evidence submitted it appears that in 1892, at Caledonia, in Traill county, Smith was taken into custody and sent to the asylum, and his legal residence was then unknown and it is still unknown. The record contains no evidence sufficient to sustain any finding concerning the residence of the insane person, and for aught that appears he may have been a mere float, and not a resident of the state.

To recover a judgment against the state for the money paid or expended by Traill county, it must commence an action for the same on a complaint stating facts sufficient to constitute a cause of action for the recovery of money; and of course the action, if not barred by statute, must be tried by a jury, and upon the trial it would be proper to submit necessary evidence to sustain any material allegation concerning the residence of the insane person. On the hearing in the district court there was evidence of payments made by Traill county amounting to the sum of the judgment, but there were no pleadings to sustain the judgment.

It is therefore ordered that the judgment of the trial court, in so far as it finds that Smith was not a resident of Traill county, be affirmed, but that the judgment against the state for $1,472 be in all things reversed. Neither party to recover costs on this appeal.

BRONSON, J., being disqualified, did not participate.